UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LYLE ORR, <br><br> Plaintiff, <br><br> v. <br><br> D.J. SIGLER and STATE OF INDIANA, <br><br> Defendants. | CAUSE NO. 1:24-CV-419-JD-JEM |

OPINION AND ORDER

Lyle Orr, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Orr is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Orr claims that on or about July 2, 2024, he was the victim of a "battery with a shovel." He wrote a police report against his attacker but the county prosecutor, J.D.

Sigler, allegedly refused to prosecute him. Based on this incident, he sues the State of Indiana and the prosecutor, seeking to have his attacker prosecuted and for other relief.

Orr has not stated a viable constitutional claim against any defendant. The State of Indiana is not a "person" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). The State also has Eleventh Amendment immunity from a claim for damages in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Likewise, the prosecutor has immunity from a suit based on his decision not to bring charges in a particular case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Additionally, Orr does not have a legal right to force the prosecutor to initiate charges against the person who allegedly battered him. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Therefore, the complaint does not state a claim for relief. Although it appears unlikely he can state a federal claim based on this event, "litigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the interest of justice, Orr will be afforded an opportunity to file an amended complaint before the case is dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff until **November 22, 2024**, to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED on October 22, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT